UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MERCADO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al., <br><br> Defendants. | Case No. 14-cv-03367-JSC <br><br> **ORDER GRANTING MOTION TO REMAND** <br> Re: Dkt. No. 9 |

Now pending before the Court is Plaintiffs Juan Mercado and Patsy Mercado's motion to remand. (Dkt. No. 9.) Plaintiffs contend that removal was improper because none of their state-law negligence and strict liability claims "arise under" federal law. After carefully considering the parties' submissions, and having had the benefit of oral argument on October 16, 2014, the Court GRANTS the motion and REMANDS this case to San Francisco County Superior Court.

## BACKGROUND

Plaintiff Juan Mercado alleges that in May 2012, after liver transplant surgery at University of California San Francisco Medical Center ("UCSF"), a nurse at the hospital administering medicine through a catheter introduced air into his circulatory system—what is known as an "air embolism"—causing him to suffer cardiac arrest and a stroke. Plaintiffs filed a form complaint in state court in San Francisco in February 2013 alleging three causes of action: 1) a negligence claim against Defendant Regents of the University of California ("the Regents"); 2) a products liability claim against Defendant Arrow International, Inc. ("Arrow") for its defective design, manufacturing, and failure to warn; and 3) a loss of consortium claim against both the Regents and Arrow.

In May 2014, Arrow filed a motion for summary judgment on all product liability claims.

Arrow asserted that its warnings regarding air embolisms were adequate as a matter of law and that it exercised reasonable care in the design and manufacture of the catheter. Arrow relied on Federal Drug Administration ("FDA") regulations and federal statutes regarding medical device labeling to show that Arrow's warnings were adequate and its design and manufacture consistent with industry standards. In their opposition to the motion filed two months later, Plaintiffs asserted that, even if the product itself contained adequate warnings, Arrow was still liable for its failure to warn UCSF (the purchaser) of the existence of *other* Arrow catheters that Plaintiffs contend are safer than the catheter used on Plaintiff.

Arrow removed this case to federal court three days after Plaintiffs filed their opposition to the summary judgment motion. This motion to remand to state court followed.

**LEGAL STANDARD**

Subject to time constraints, defendants in a state court action may remove that action to federal court when the case could have originally been brought in federal court. 28 USC §§ 1441, 1446(b). Courts strictly construe the removal statute against removal jurisdiction, "and any doubt about the right of removal requires resolution in favor of remand." *Moore–Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). "The presumption against removal means that the defendant always has the burden of establishing that removal is proper." *Id.* (internal quotation marks omitted).

Congress has authorized the federal district courts to exercise original jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case can "aris[e] under" federal law in two ways. "Most directly, a case arises under federal law when federal law creates the cause of action asserted. As a rule of inclusion, this 'creation' test admits of only extremely rare exceptions, and accounts for the vast bulk of suits that arise under federal law[.]" *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013) (citations omitted). "But even where a claim finds its origins in state rather than federal law . . . we have identified a 'special and small category' of cases in which arising under jurisdiction still lies." *Id.* (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)).

The Supreme Court has described the latter inquiry as follows:

> Does the "state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities"? That is, federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.

*Id.* (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).

## DISCUSSION

Arrow contends that Plaintiffs' state-law products liability claim "arises under" federal law because "the novel 'failure to warn' theories proffered by Plaintiffs would greatly impact the overall function and regulatory scheme of the FDA in its ability to carry out consistent oversight and regulation of the recall, advertising, branding, and labeling of prescription medical devices." (Dkt. No. 15 at 5.) Plaintiffs disagree, asserting that Arrow's alleged duty to warn is based on California law and does not implicate any significant federal issue. Plaintiffs also argue that remand is required because Arrow's removal was untimely.

### A. Timeliness of Removal

Section 1446 provides two 30-day windows during which a case may be removed—during the first 30 days after the defendant receives the initial pleading or during the first 30 days after the defendant receives a paper "from which it may first be ascertained that the case is one which is or has become removable" if "the case stated by the initial pleading is not removable." 28 U.S.C. § 1446(b).

Arrow learned of Plaintiff's expanded duty to warn theory when Plaintiffs filed their opposition to Arrow's motion for summary judgment. Arrow asserts that this new theory, which was not stated in the Complaint, forms the basis of federal question jurisdiction. Because Arrow became aware of Plaintiffs' duty to warn theory only when Plaintiffs filed its opposition to the motion for summary judgment, Arrow's removal of the case three days after receiving the opposition complied with Section 1446's time requirements.

Plaintiffs' arguments to the contrary are unpersuasive. Plaintiffs assert that Arrow should have deduced from the deposition testimony of a UCSF nurse specialist in April that Plaintiffs

3

1  would pursue their expanded duty to warn theory.  The nurse specialist testified that UCSF
2  replaced the catheters used on Plaintiff with alternative, presumably safer, catheters after Arrow
3  informed the hospital that such alternative catheters were available.  While the nurse's testimony
4  may support Plaintiffs' claims, it did not provide Arrow notice that Plaintiffs would pursue their
5  expanded duty to warn theory.  After all, it is Plaintiffs' case—not the nurses' or Arrow's—and
6  Plaintiffs' chosen theories control.  Starting the removal clock when evidence is produced that
7  supports a mere potential theory of liability that invokes federal court jurisdiction would be
8  wasteful and is unsupported by any authority.

Nor is Arrow's removal untimely because Arrow cited federal statutes and regulations in support of its motion for summary judgment.  Arrow does not argue that federal question jurisdiction arises where federal statutes and regulations are cited; rather, Arrow contends that Plaintiffs' expanded theory of a manufacturer's duty to warn so concerns federal issues that Plaintiffs' claims "arise under" federal law.  Thus, the bare fact that Arrow relied on FDA regulations and federal statutes in its motion for summary judgment does not somehow preclude removal two months later when Arrow "first [] ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

**B.     Whether Plaintiffs' Products Liability Claim "Arises Under" Federal Law**

As stated above, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 133 S. Ct. at 1065.  Where all four of these requirements are met, "jurisdiction is proper because there is a serious federal interest in claiming the advantages thought to be inherent in a federal forum, which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Id.* (internal quotation marks omitted).  Plaintiffs' state-law products liability claim does not satisfy this test.

Plaintiffs' state-law claim does not present any "necessarily raised" or "actually disputed" federal issue.  Arrow identifies Plaintiffs' expanded duty to warn theory as necessary to Plaintiffs' products liability claim.  However, whether this expanded duty exists in California is a question of

California law; specifically, California courts apply the so-called *Rowland* factors to determine whether a duty exists that would support a finding of negligence. *See Elsheref v. Applied Materials, Inc.*, 223 Cal. App. 4th 451, 459-60 (2014); *see also Rowland v. Christian*, 69 Cal. 2d 108, 112-13 (1968). These factors include "the foreseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability, cost, and prevalence of insurance for the risk involved." *Elsheref*, 223 Cal. App. 4th at 459 (internal quotation marks omitted). Arrow fails to explain why this examination necessarily includes an interpretation or application of federal law.

Arrow otherwise fails to specifically identify a federal issue, capable of resolution, that is necessarily raised and actually disputed. At best, Arrow argues that, if the expanded duty to warn is found to exist, it would pose "substantial implications" on the FDA's "regulatory scheme as a whole." (Dkt. No. 15 at 18.) This argument sounds in preemption.[1] However, ordinary preemption, as with other defenses, does not confer federal question jurisdiction. *See Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009) ("The general rule is that a defense of federal preemption of a state-law claim . . . is an insufficient basis for original federal question jurisdiction . . . ."). Neither *Grable* nor *Gunn* has removed the requirement that the substantial federal issue appear on the face of a plaintiff's well-pleaded complaint. *See Cal. Shock Trauma Air Rescue v. State Compensation Ins. Fund*, 636 F.3d 538, 542 (9th Cir. 2011) ("*Grable* stands for the proposition that a state-law claim will present a justiciable federal question

---

[1] The Ninth Circuit has identified three forms of defensive preemption: "(1) *express preemption*—where Congress explicitly defines the extent to which its enactments preempt state law; (2) *field preemption*—where state law attempts to regulate conduct in a field that Congress intended the federal law exclusively to occupy; and (3) *conflict preemption*—where it is impossible to comply with both state and federal requirements, or where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Topa Equities, Ltd. v. City of Los Angeles*, 342 F.3d 1065, 1069 (9th Cir. 2003) (internal quotation marks omitted). Complete preemption, a "doctrine of jurisdiction" not invoked by Arrow, is "related" to preemption law, but should not be confused with the ordinary preemption doctrine. *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1107 n.7 (9th Cir. 2000).

only if it satisfies *both* the well-pleaded complaint rule *and* passes the 'implicate[s] significant federal issues' test."). Because Arrow fails to identify a federal issue that is necessarily raised and actually disputed, Arrow fails to establish that Plaintiffs' state-law claim "arises under" federal law.[2]

## CONCLUSION

For the reasons stated above, Plaintiffs' motion to remand is GRANTED.

**IT IS SO ORDERED**.

Dated: October 16, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

---

[2] Since Arrow fails to establish the first two requirements of the test for "arising under" jurisdiction, the Court need not address the latter two requirements of that test.